United States Courts
Southern District of Texas
ENTERED

FEB 0 9 2005

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WYLMON BOUDREAUX, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-5280 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Wylmon Boudreaux seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a state felony conviction for capital murder. Respondent filed a motion to dismiss the petition as time-barred. (Docket Entry No. 11). Petitioner filed objections to the motion, a motion to strike, and a motion for sanctions (Docket Entry No. 12), and a motion to amend his objections (Docket Entry No. 14).

Based on consideration of the pleadings, the motions and responses, the record, and the applicable law, the Court grants petitioner's motion to amend his objections, denies his motions to strike and for sanctions, and grants respondent's motion to dismiss.

### I. Background

Petitioner was found guilty of the felony offense of capital murder, and on September 24, 1997, was sentenced to life imprisonment. The state court on direct appeal affirmed the conviction on July 1, 1999. The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review on November 19, 1999. Petitioner filed an application for state habeas relief on December 26, 2002, which the Texas Court of Criminal Appeals

denied, without written order on findings of the trial court without a hearing, on October 1, 2003. *Ex parte Boudreaux*, Application No. 48,098-02, at cover.

On November 17, 2003, this Court received this petition, which was deemed filed when petitioner tendered it to the prison authorities for mailing to the district court. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Ordinarily, it is presumed that a petitioner deposited his federal petition in the prison mail on the date he signed it. *Sonnier v. Johnson*, 161 F.3d 941, 945 (5th Cir. 1998). Petitioner did not sign his petition, but did sign the accompanying memorandum of law on November 12, 2003. For limitations purposes, the Court will presume that this federal petition was filed on November 12, 2003. Petitioner filed an amended petition on January 2, 2004. (Docket Entry No. 6).

The threshold question is whether this federal petition was filed too late to permit the Court to consider the merits of Boudreaux's arguments. An analysis of the record and applicable law shows that the petition is untimely.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposes a one-year statute of limitation for federal habeas corpus petitions. The statute provides in relevant part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1),(2).

**A.    The One-Year Limitation Period**

The one-year limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Petitioner's conviction became final when the time for filing a petition for writ of *certiorari* expired, ninety days after the Texas Court of Criminal Appeals denied review. Supreme Court Rule 13.1. Records from the Texas Court of Criminal Appeals reveal that it entered final disposition in refusing petitioner's petition for discretionary review on November 19, 1999. Petitioner's deadline for filing a petition for writ of *certiorari* was thus February 17, 2000. The AEDPA limitation period expired one year later, on February 17, 2001. Petitioner did not file this federal petition until November

3

12, 2003, long after expiration of the one-year limitation. Accordingly, in absence of statutory or equitable tolling, this petition is untimely.

**B.     Statutory Tolling Provisions**

A properly filed application for post-conviction state habeas relief tolls the AEDPA one-year limitation period. 28 U.S.C. § 2244(D)(2). Petitioner's state court habeas petition, filed on December 26, 2002, did not toll limitations because it was filed after expiration of the AEPDA limitation. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner claims that he filed an earlier state habeas action in either September or December of 2000. (Docket Entry No. 14, pp. 4-5). Texas Court of Criminal Appeals records reflect receipt of a motion to compel filed by petitioner on December 15, 2000, complaining that the trial court failed to respond to his state habeas proceeding seeking an out-of-time petition for discretionary review. *Ex parte Boudreaux*, Application No. 48,098-01, at 1. The Texas Court of Criminal Appeals considered the motion as a petition for writ of mandamus, and ordered the Harris County District Clerk to respond. The Harris County District Clerk filed an affidavit testifying that a search of the state court records failed to show that Boudreaux had filed an application for a writ of habeas corpus. On February 28, 2001, the Texas Court of Criminal Appeals denied petitioner's request for mandamus relief. Accordingly, the record shows that petitioner did not file a state application for habeas relief until December 26, 2002, nearly twenty-two months after expiration of the AEDPA limitation period, and limitations was not tolled.

4

Petitioner does not argue applicability of any other statutory exception to the AEDPA limitation under sections 2244(d)(1)(A-D), and none appears in the record. In the absence of equitable tolling, this petition is time-barred.

## C. Equitable Tolling Considerations

Equitable tolling applies principally where one party is actively misled by the other party or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Petitioner here asserts a right to equitable tolling based on his appellate counsel's failure to tell him that his conviction was affirmed on appeal or inform him of habeas deadlines; the state court's improper construction of his motion to compel; and his *pro se* inmate status and lack of legal knowledge or support.

These factors do not rise to the level of extraordinary circumstances entitling petitioner to equitable tolling. Petitioner has no constitutionally protected right to be informed of the procedures for pursuing a petition for discretionary review or state application for habeas relief. *See Moore v. Cockrell*, 313 F.3d 880, 881-82 (5th Cir. 2002). Nor is the issue of ineffective assistance of counsel on direct appeal in state court relevant to tolling of the federal AEDPA limitation period. *Molo v. Johnson*, 207 F.3d 773, 775-76 (5th Cir. 2000). Regardless, petitioner admits in his amended response that on August 15, 2000, the state court clerk's office notified him that his conviction had been affirmed in 1999. (Docket Entry No. 14, p. 3; Exhibit A, p. 3) Last, ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing. *Fisher v. Johnson*,

174 F.3d 710, 714 (5th Cir. 1999). No grounds for equitable tolling have been shown, and this petition is **DISMISSED** as time-barred.

### III. Conclusion

Boudreaux's motion to amend his objections (Docket Entry No. 14) is **GRANTED**. Respondent's Motion to Dismiss (Docket Entry No. 11) is **GRANTED**. Boudreaux's petition for habeas relief is **DENIED**. This case is **DISMISSED** with prejudice. All pending motions are **DENIED** as moot. (Docket Entry No. 12).

The showing necessary for a certificate of appealability (COA) is a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the inmate's underlying constitutional claim, a COA should issue when the inmate shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001). Boudreaux has not made the showing necessary for issuance of a COA, and a COA is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 8th day of February, 2005.

*Keith P. Ellison*
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE